UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JAMES SYSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05-cv-197 |
| | ) | *Edgar* |
| DANIEL GILLEY, Sheriff of Bradley | ) | |
| County, Tennessee, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $ 250.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendant Gilley. The plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within **twenty (20) days** of the date of receipt of this order. At that time the summons will be signed and sealed by the Clerk and forwarded to the United States Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure

to return the completed service packet within the time required could jeopardize his prosecution of this action.[1]

Defendant Gilley shall answer or otherwise respond to the complaint within **twenty (20) days** from the date of service. Defendant's failure to timely respond to the complaint will result in entry of judgment by default against defendant Gilley.

Plaintiff is **ORDERED** to inform the Court, and the defendant or his counsel of record, immediately of any address changes. Failure to provide a correct address to this court within **ten (10) days** following any change of address will result in the dismissal of this action.

Because the plaintiff is an inmate in the Bradley County Detention Center, he is herewith **ASSESSED** the civil filing fee of **$ 250.00.** Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, P.O. Box 591, Chattanooga, Tennessee 37401, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

---

[1]Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e. Plaintiff states that the Bradley County Detention Center, where he is incarcerated, does not have a grievance procedure. Absent proof to the contrary, plaintiff has met his burden under § 1997e.

(b)     twenty percent (20%) of the average monthly balance in the

plaintiff's inmate trust account for the six-month period preceding the filing of

the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's

preceding monthly income (or income credited to the plaintiff's trust account for the

preceding month), but only when such monthly income exceeds ten dollars ($10.00), until

the full filing fee of two hundred fifty dollars ($ 250.00) as authorized under 28 U.S.C.

§ 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Sheriff of Bradley

County, Tennessee, and the county attorney for Bradley County, Tennessee, to ensure that

the custodian of the plaintiff's inmate trust account complies with that portion of the Prison

Litigation Reform Act relating to payment of the filing fee.  The Clerk is **FURTHER**

**DIRECTED** to forward a copy of this memorandum and order to the Court's financial

deputy.

SO ORDERED.

ENTER this *27th day of July, 2005*.


_____
*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE

3